#### FOR THE

## COUNTY OF ORLEANS,

### MARCH TERM, 1844.

---

##### PRESENT,

Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

### PAUL McNEAL *v.* STRONG & JEWETT.

If articles of personal property be delivered to a firm, upon a contract that they will apply their value in payment of a note which the vendor owes to one of the vendees, and the vendees afterwards refuse to make the application, the vendor may recover the value of such articles in an action on book account.

BOOK ACCOUNT. The plaintiff's account was for a quantity of salts of lye, and amounted, as allowed by the auditor, to $309.87. In reference to their delivery the auditors' report was as *follows.* "The auditors find, that, when the bargain for the salts was first made, and up to the time the plaintiff called on the defendants for a settlement, it was the agreement between the parties that the balance found due· McNeal for the salts, on settlement, after paying for what goods and cash he, McNeal, should want to buy ashes with, and for defraying the expenses of making the salts, should be in

payment on a note due to E. Strong of Hardwick, one of the firm of Strong & Jewett.    But, at the time the parties undertook to settle, as aforesaid, disagreeing as to the price of the salts, defendant Jewett, the active partner of the firm of Strong & Jewett, refused to apply the balance on said note, as claimed by the plaintiff."

The auditors reported that there was a balance due to the plaintiff of $89.77.    The defendants excepted to the report of the auditor, claiming that it appeared that the property charged in the plaintiff's account was delivered in payment of the note to Strong, and that the plaintiff had no right to charge the property on book against the defendants.

The county court accepted the report of the auditors, and rendered judgment for the plaintiff; to which the defendants excepted.

*Kimball,* for defendants, cited *Durrill* v. *Lawrence et al.,* 10 Vt. 517.

*Cooper* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.    The account, upon which the plaintiff claims to recover in the present case, is for articles which it was agreed, before the delivery, should go in payment of a note which the defendant Strong held against the plaintiff.    If this were all the case, there would seem to be little doubt that the plaintiff could not recover.

But the auditors report, that, "at the time the parties undertook to settle, *as aforesaid,*" (which, as no *former* attempt at settlement is referred to, we must understand as referring to *an attempt to settle according to the contract as before stated,*) "disagreeing as to the price of the salts, defendant Jewett, the active partner of the firm of Strong & Jewett, refused to apply the balance on said note, as claimed by the plaintiff."

Now if this refusal was unreasonable, it would justify the plaintiff in bringing this suit.    For as the defendants had received the salts, and as the plaintiff could not compel the application upon Strong's note by plea in offset, if the defendants refused to fulfil their contract in making the application, it would convert their special undertaking into an obligation to pay money.

81

This refusal, as it was in terms a breach of the contract, will be considered unreasonable, unless some excuse is shown; such excuse, if any existed, should have appeared in the report of the auditors. But upon this point the report is silent. It is, then, impossible for us to say that Jewett's refusal was not unreasonable. Of course, then, the plaintiff is entitled, upon the facts disclosed in the report, to recover.

Judgment affirmed.